**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Terry Allen STARKEY, Defendant and Respondent.**

**No. 11808.**

Supreme Court of South Dakota.

Dec. 10, 1976.

Harry W. Christianson, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

Ronald R. Johnson, Johnson & Kelley, Lemmon, submitted on briefs without oral argument, for defendant and respondent.

WOLLMAN, Justice.

Defendant was charged with possessing one ounce or less of marijuana. We granted the state permission to take an intermediate appeal from the trial court's pretrial order suppressing certain evidence.

At about 6:30 p. m., May 8, 1975, the chief of police of Lemmon, South Dakota, heard the sound of spinning tires and observed an automobile swerve out of an alley onto a street in downtown Lemmon. The officer stopped the automobile, which was being driven by defendant, informed defendant that he was being placed under arrest for exhibition driving and asked defendant to come back to the police car. Although the officer testified that he could smell the odor of alcohol when defendant stepped out of his car, he also testified that, "I didn't pay too close attention to the odor at that time. It wasn't real strong." Defendant accompanied the officer to the police car and sat in the front seat as the officer started writing out a citation for exhibition driving. The officer testified that the odor of alcohol kept getting stronger as he and defendant were sitting there. The officer told defendant that he was observing him " * * * for possible DWI," and asked defendant to get out and walk for him. The defendant's performance on the walking test was of no assist-

ance to the officer, however, apparently because of some problem that defendant was having with his knee. The officer then arrested defendant for driving while intoxicated solely on the basis of what he described as a strong odor of beer coming from defendant.

Defendant was taken to the local police station, where he was asked to empty his pockets and remove his jacket prior to being placed in a cell. From one of his pockets defendant removed a pipe that was later determined to contain 0.01 ounce of cannabis residue. The officers removed some green leafy material from defendant's jacket pocket, but no attempt was made to offer it in evidence. After conducting the preliminary hearing and the subsequent suppression hearing, the trial court granted defendant's motion to suppress the pipe and cannabis residue as evidence.

■ Although the suppression order is somewhat cryptic, clearly the trial court must have found that the arresting officer did not have probable cause to arrest defendant on a charge of driving while intoxicated, for our decisions have made clear that arresting officers may make a full search of the person incident to a valid arrest. See *State v. Lohff,* 87 S.D. 693, 214 N.W.2d 80, and *State v. Spells,* S.D., 218 N.W.2d 210. In making the determination that no probable cause existed for the DWI arrest, the trial court must necessarily have weighed and found wanting the arresting officer's testimony regarding the odor of alcohol on defendant's breath. It was for the trial court to weigh the credibility of the witnesses. Although detailed findings of fact would have materially assisted appellate review in this case, cf. *State v. Stumes,* S.D., 241 N.W.2d 587, the record extant does not compel the conclusion that the trial court erred in suppressing the evidence.

The order appealed from is affirmed.

All the Justices concur.